UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN T. MERRILL,

    Plaintiff,

v.                                          Case No. 3:24cv639-MW-HTC

B. LEWIS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff Brian T. Merrill, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983, alleging the Defendant prison officials violated the Eighth Amendment by using excessive force. Doc. 6. After reviewing the amended complaint, the undersigned concludes this case should be dismissed without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) due to Merrill's abuse of the judicial process in failing to truthfully disclose his litigation history.

**I.    Legal Standard**

    Because Merrill is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.    Failure to Accurately Disclose Litigation History

Section VIII of the Northern District of Florida's civil rights complaint form, titled "Prior Litigation," asks the following three questions: (A) "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?"; (B) "Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?" and (C) "Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating the conditions of your confinement?" Doc. 6 at 14-15.

Merrill answered "no" to questions A and B. He answered "yes" to question C and identified two federal cases (M.D. Fla. Case No. 6:06cv1958 and M.D. Fla. Case No. 3:15cv1220) and one state court case (Volusia Cnty. Circuit Court Case No. 2015-31187-CI). Doc. 6 at 16. At the end of the amended complaint, Merrill signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 6 at 17-18. Thus, Merrill has in effect stated that at the time he filed the amended complaint in this case, he had not

filed any other cases which were responsive to the three questions on the complaint form.

As a matter of course, the Court attempts to independently investigate whether litigants truthfully complete the complaint forms. Upon such an investigation, the undersigned takes judicial notice Merrill previously filed multiple cases he failed to disclose in his amended complaint.

First, Merrill failed to disclose M.D. Fla. Case No. 6:11cv813, a habeas petition he filed that was dismissed without prejudice prior to service because it was a successive petition. Merrill should have disclosed this case in response to questions A and C but failed to do so. Second, Merrill failed to disclose that he filed four applications for leave to file a second or successive habeas petition with the Eleventh Circuit. *See* Eleventh Circuit Case Nos. 11-14373; 13-10384; 13-12765; 14-12447.[1] Merrill clearly knew about the existence of these cases and the need to disclose them, as he listed two of them in a "Prior Litigation" section of his original handwritten complaint. Doc. 1 at 15.

"An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process."

---

[1] All the cases discussed herein bear Merrill's FDOC inmate number (974374), which confirms he filed them.

Case No. 3:24cv639-MW-HTC

*Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Thus, Merrill's failure to accurately disclose these cases in his amended complaint justifies the dismissal of this case as malicious. *See Brown v. Nigh*, 2023 WL 2760434 (N.D. Fla. Feb. 2, 2023), *report and recommendation adopted*, 2023 WL 2761297 (N.D. Fla. Apr. 3, 2023) (dismissing case as malicious when plaintiff failed to disclose a habeas petition he filed); *Surdakowski v. Dixon*, 2024 WL 5265061 (N.D. Fla. Oct. 15, 2024), *report and recommendation adopted*, 2024 WL 5264439 (N.D. Fla. Dec. 31, 2024) (dismissing case as malicious when plaintiff failed to disclose one application to file a successive habeas petition he filed); *see also Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (affirming dismissal without prejudice for failure to disclose).

Merrill's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Merrill knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: ***"[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases,***

***habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*** " Doc. 6 at 13. Nevertheless, Merrill made false representations in his amended complaint. If Merrill suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Merrill's failure to provide the Court with true factual responses is to dismiss this case without prejudice as malicious. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). As one judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Moreover, a plaintiff's litigation history is "useful to the court" because it provides the Court with information about strikes, other similar cases, and repetitious frivolous filings. *Casey v. Dixon*, 2024 WL 5340890, at *6

(N.D. Fla. Dec. 16, 2024), *report and recommendation adopted*, 2025 WL 240982 (N.D. Fla. Jan. 16, 2025) ("[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal"). Thus, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty judge perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) for Merrill's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 5th day of February, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.